## FOX v. VILLAGE OF LANSINGBURGH.

*(Supreme Court, General Term, Third Department. February 4, 1891.)*

1. MUNICIPAL CORPORATIONS—CARE OF STREETS.
    The trial judge, having instructed the jury that it was the absolute duty of defendant to keep its streets in a reasonably safe condition for travel, in response to defendant's request further charged that defendant was not required to keep the streets in an absolutely safe condition, but must use proper care and vigilance to keep the streets in a reasonably safe condition for travel. *Held,* that the first instruction, taken in connection with the further charge, was not an erroneous statement of the law, and presented the question fairly to the jury. LANDON, J., dissenting.

2. SAME—NOTICE OF DEFECTS.
    Evidence showing the length of time certain obstructions had been upon the sidewalk of the defendant is admissible as presenting a proper question for the jury upon the point of negligence of defendant.

Appeal from Rensselaer county court.

Action by James A. Fox against the village of Lansingburgh for alleged negligence of the defendant in allowing a pile of flag-stone to be placed upon the sidewalk, over which the plaintiff, while passing along the walk in a dark night, fell and was injured. The proof disclosed that at the time of the injury there was upon the sidewalk of one of the streets of the defendant a pile of flag-stone, piled one upon another, to the height of about 10 to 12 inches at a point where the walk was about 13 feet wide; the stone extending from the curb of the street to within 3 feet 7 inches of the stoop of a house at that point. On a dark night, at 10 o'clock in the evening, the plaintiff, a young man of about 20 years of age, in company with three other young men, were passing along that street, and when a short distance from where these stones were piled, started to run a race to a point beyond where the stones lay, and in running the plaintiff came in contact with the pile of flagging-stone and broke his leg. The proof does not disclose by whom the stones were placed in that position, nor is there any proof of actual knowledge on the part of the trustees or officers of the village that the walk was thus obstructed; but the evidence shows that they had been there for about one week before the injury. The jury rendered a verdict for the plaintiff for $2,000, upon which judgment was entered, from which the defendant appeals, and the principal or only ground urged on this appeal as ground for reversal is alleged misdirection of the judge in his charge to the jury.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Comstock & Hyatt,* (*A. C. Comstock,* of counsel,) for appellant. *Merritt & Ryan,* (*H. A. Merritt,* of counsel,) for respondent.

MAYHAM, J. The learned counsel for the appellant insists that it was error for the court to charge the jury in the following language: "Now I charge you, gentlemen, as a matter of law, that it is the absolute duty of the village of Lansingburgh to keep its streets in a reasonably safe condition for travel, and that is an absolute duty which they owe to all travelers; and, when that duty is not discharged, and in consequence thereof, a traveler is injured without any fault on his part, they incur a liability." "That the village of Lansingburgh is under no obligation to provide for everything that may happen on their streets, but only for such use of them as is ordinary, or as may be reasonably expected." While this language is quite as strong as the rule upon this subject under the authorities will justify, we do not think, when taken in connection with the balance of the charge, that it was an erroneous statement of the law. It is doubtless the duty of a municipality to keep its streets in a reasonably safe condition for the public travel, and this, we think, is the fair construction of what was said by the learned judge. In *Hunt* v. *Mayor, etc.,* 16 N. E. Rep. 320, relied upon by the counsel for the appellant, ANDREWS,

J., uses this language: "Where an injury happens from the defect of a road-way itself, or from a dangerous condition of the street, created by the act or consent of the municipality, negligence, as in the cases mentioned, is the ground of liability." He also says that "the mere existence of a defect, from which the traveler sustains injury, does not, independently of negligence, establish a culpable breach of duty on the part of the municipality;" and he proceeds to discuss the difference in the kind of proof in a case where the defect exists by the act of a municipality or to its actual knowledge, or where it exists by the act of a third person, and he adds: "It is at all times to exercise due care that the streets are safe, and free from dangerous defects, and that they shall not become unsafe." We think the rule laid down by the trial judge is substantially like that above quoted, when we read the portion to which exception is taken in connection with other expressions of the judge in his charge, such as: "The village of Lansingburgh is under no obligation to provide for everything that may happen on the streets. I charge you that municipal authorities are not insurancers." But if the language used by the judge to which we have referred went too far, it was corrected in his response to the defendant's request to charge, and the true rule was then enunciated. The defendant requested the judge to charge "that the defendant is not in law required to keep and maintain the walks of the village in an absolutely safe condition." To this the court responded: "I so charge, with this qualification: I charge that the village of Lansingburgh must use proper care and vigilance to keep the streets and highways in a reasonably safe condition for travel. That is an absolute duty they owe to travelers." Taking the whole charge, we think it presented the question in the case fairly to the jury, so as not to mislead them; and that the points to which exceptions are taken are fairly presented, and covered by the charge when taken as a whole. The question of contributory negligence by the plaintiff was one for the jury, under the circumstances of this case, and was properly submitted to them. The evidence shows how long this obstruction had been upon the sidewalk, and presented a proper question for the jury upon the point of the negligence of the defendant, as was said by the court in *Kunz* v. *City of Troy*, 10 N. E. Rep. 442: "This lapse of time, together with the fact that Federal street was a busy and frequented part of the city, made it, we think, under the authorities a question for the jury whether the authorities charged with the care of the public streets ought to have known of the obstruction, and to have caused its removal before the accident." The denial of the defendant's motion for nonsuit was not error, and the judgment must be affirmed. Judgment affirmed, with costs.

LEARNED, P. J., concurs.

LANDON, J., (*dissenting.*) I think the jury might well have understood that it was absolutely the duty of the village to keep its streets in a reasonably safe condition for travel, and not simply that it was the absolute duty of the village to use care to keep them so, and I therefore dissent.